## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10348-UA (DUTYx) | Date | December 7, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Ass'n v. Ilia Cristina Kobeh | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** In Chambers: **ORDER TO SHOW CAUSE**

On December 4, 2012, Defendant, appearing *pro se*, lodged a Notice Of Removal of this case to this court ("Notice"). Defendant also filed a Request to Proceed In Forma Pauperis.

The procedure for removal pursuant to 28 U.S.C. § 1441 is set out in 28 U.S.C. § 1446. "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). However, a defendant may remove an action originally filed in state court only if the case originally could have been filed in federal court. *In re NOS Commc'ns*, 495 F.3d 1052, 1057 (9th Cir. 2007). The subject matter jurisdiction of the federal courts is limited to those cases in which jurisdiction is authorized under either 28 U.S.C. § 1331 ("federal question" jurisdiction) or 28 U.S.C. § 1332 ("diversity" jurisdiction). Further, "[t]he party seeking removal has the burden of establishing federal jurisdiction." *O'Halloran v. University of Washington*, 856 F.2d 1375, 1380 (9th Cir. 1988).

Here, Defendant seeks removal on the sole basis of federal question jurisdiction. (*See* Notice at 2). To establish federal question jurisdiction under 28 U.S.C. § 1331, a party seeking removal must make it "apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim." *Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1142-43 (9th Cir. 2000). Defendant alleges that "Defendants' demurrer, a pleading depend on the determination of Defendants' rights and Plaintiff's duties under federal law." (Notice at 2.) Plaintiff does not allege any federal cause of action. (*See* Notice Ex. A, Complaint.) Nor does it appear that federal law is a necessary element of Plaintiff's claim. Thus, Defendant has not alleged facts establishing the existence of a federal question on the face of the complaint.

It may be that Defendant is raising a defense based on federal law. However, "'the existence of a defense based upon federal law is insufficient to support jurisdiction.'" *Hall v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10348-UA (DUTYx) | Date | December 7, 2012 |
|---|---|---|---|
| Title | Federal National Mortgage Ass'n v. Ilia Cristina Kobeh | | |

*North American Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007) (quoting *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002)). Accordingly, there appears to be no basis for federal jurisdiction and removal appears improper.

Further, should the court lack jurisdiction over this matter, it would be inappropriate to grant in forma pauperis status at this time. *See, e.g., Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998). In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Defendant is therefore ORDERED TO SHOW CAUSE **on or before December 21, 2012,** why her Request to Proceed In Forma Pauperis should not be denied and why this action should not be remanded to state court based upon a lack of subject matter jurisdiction.

**Failure to timely file a response and declaration will result in denial of Defendant's in forma pauperis application and an order remanding the action to state court.**

Initials of Preparer   mp